UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PROTECT THE PUBLIC'S TRUST )
712 H Street, N.E. )
Suite 1682 )
Washington, D.C. 20002, )
 )
       Plaintiff, )
 )
v. ) Civil Case No. 1:24-cv-00455
 )
OFFICE OF MANAGEMENT AND BUDGET )
725 17th Street, N.W. )
Washington, D.C. 20503, )
 )
       Defendant. )
 )

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the Office of Management and Budget under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the

1

most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant Office of Management and Budget ("OMB" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On October 23, 2023, PPT submitted a FOIA request to OMB (attached as Exhibit A) seeking the following records:

   1. From January 20, 2021, through the date this request is processed, records of communications regarding Israel, Palestine, Hamas, and Gaza to, from, and including Sophie Maher, Confidential Assistant. The keywords shown below may be helpful in such a search.

   Keywords:

   a) Israel

   b) Palestine

   c) Hamas

   d) Hezbollah

   e) Gaza

   f) Occupation

   g) Apartheid

   h) Open air prison

   i) Freedom fighter

    j) Terrorist

    k) Militant

    l) River to the sea

    m) Occupation

    n) Oppression

    o) Ethnic cleansing

    p) Liberation

    q) Colonial/colonialism

    r) Imperialist

    s) Intifada

7. As Attorney General Garland, has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

8. The records sought by these requests are in the public interest because they will provide the public with information regarding how administration officials are implementing U.S. policy. According to a May 2021 report, Sophie Maher signed an open letter submitted by "alumni" of the Biden campaign criticizing the Biden Administration's policy towards Israel. Matan Arad-Neeman, *Dear President Biden*, Medium (May 23, 2021),

https://matan-aradneeman.medium.com/dear-president-biden-b19600918a67.  Ms. Maher is now employed by OMB.  In light of the prominence and importance of U.S. policy towards Israel following the October 7, 2023, terrorist attack, it is in the public interest to understand if those charged with carrying out U.S. policy stand with President Biden on these issues.

9. OMB acknowledged receipt of PPT's request and assigned it tracking number 2024-052.

10. There have been no further communications from OMB regarding PPT's request.

11. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

12. At this time, it has been more than 115 days since Plaintiff submitted its FOIA request—well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

13. At this time, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).  The Department has not produced responsive documents to the Plaintiff, communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, informed Plaintiff of its ability to appeal any adverse portion of its determination, or even provided an estimated date of completion.

14. Given these facts, it appears that absent litigation the Department has not and does not intend to meet its statutory obligations to provide the requested records.

15. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

16. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

17. PPT properly requested records within the possession, custody, and control of the Department.

18. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

19. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

20. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

21. The Department's failure to provide all non-exempt responsive records violates FOIA.

22. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until the Department complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA requests and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: February 16, 2024

Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
Telephone: 703-574-1654
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*